UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:25-cv-04096-MAA                                         Date: June 13, 2025

Title: Kenneth Davidson v. Dean William Inmon, et al.

---

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Cindy Delgado  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:     Attorneys Present for Defendants:
N/A                                                              N/A

**Proceedings (In Chambers):**     Order to Show Cause

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, as well as a claim under California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51. (Compl., ECF No. 1, at 5–9.)

Because Plaintiff's Unruh Act claim is closely related to his ADA claim, the Court has authority to exercise jurisdiction over the Unruh Act claim under 28 U.S.C. § 1367(a). However, supplemental "jurisdiction 'is a doctrine of discretion, not of plaintiff's right,' . . . and . . . district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *Id.* at 173 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

The Ninth Circuit has discussed at length California's rules governing "construction-related accessibility claims" brought under the Unruh Act and found that the "highly unusual systemic impact on ADA-based Unruh Act cases . . . clearly threatens to have a significant adverse impact on federal-state comity." *Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021). This impact may in some cases constitute "exceptional circumstances" justifying the declination of supplemental jurisdiction under 28 U.S.C. § 1367(c)(4) ("Section 1367(c)(4)"). *Vo v. Choi*, 49 F.4th 1167, 1172 (9th Cir. 2022). Declining supplemental jurisdiction on this basis must, however, be done at a sufficiently early stage of the litigation. *Vo*, 49 F.4th at 1172 (upholding district court's dismissal of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  2:25-cv-04096-MAA                                                                 Date:  June 13, 2025

Title:     Kenneth Davidson v. Dean William Inmon, et al.

Unruh Act claim early in case); *Arroyo*, 19 F.4th at 1214 (reversing district court's dismissal of Unruh Act claim late in case).

     Like *Vo*, and unlike *Arroyo*, this case is still at a very early stage, and this Court has not yet addressed or adjudicated the merits of any of Plaintiff's claims.  This therefore appears to be a case in which the Court should consider declining supplemental jurisdiction over Plaintiff's Unruh Act claim under Section 1367(c)(4) to protect the comity interests identified in *Arroyo*.  Accordingly, the Court therefore orders Plaintiff to show cause in writing, within **fourteen (14) days** after entry of this order, why the Court should not dismiss without prejudice his Unruh Act claim under Section 1367(c)(4).  Plaintiff's response must identify the amount of statutory damages Plaintiff seeks to recover and must be supported by declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if Plaintiff and his counsel satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code sections 425.55(b)(1) and (2).  If Plaintiff fails to file a response within **fourteen (14) days** after entry of this Order, the Court will decline to exercise supplemental jurisdiction over his Unruh Act claim.

     IT IS SO ORDERED.